## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| KFORCE INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BEACON HILL STAFFING GROUP, | ) | Case No. |
| LLC AND GARY HAHN | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## VERIFIED COMPLAINT

Plaintiff Kforce Inc. ("Kforce") for its causes of action against Defendants Beacon Hill Staffing Group, LLC ("Beacon Hill") and Gary Hahn ("Hahn") alleges and states as follows:

## PARTIES

1.      Kforce is incorporated in the state of Florida and its principal place of business is located in the state of Florida.  Kforce provides staffing services to clients through is more than 60 offices located throughout the United States.

2.      Defendant Hahn is an individual and former employee of Kforce who resides in St. Charles County, Missouri.

3.      Defendant Beacon Hill Staffing Group, LLC ("Beacon Hill") is a Massachusetts limited liability company with its principal place of business in Boston, Massachusetts.  Beacon Hill is a staffing company that is a direct competitor of Kforce.  Beacon Hill maintains an office at 7733 Forsyth Boulevard, Clayton, Missouri.

1

## NATURE OF ACTION

4.      This is a civil action for injunctive relief and damages arising out of Hahn's breach of contract, misappropriation of confidential and trade secret information from Kforce, and violation of statutory and common law duties. Hahn has stolen and retained confidential and trade secret information belonging to Kforce and has solicited Kforce clients with whom he had contact while employed by Kforce, all in order to benefit his current employer, Beacon Hill, a direct competitor to Kforce.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Kforce and Defendants, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that the alleged conduct occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

### A.      Kforce's Business

7.      Kforce is engaged in the highly competitive business of providing professional staffing and related services to employers in the fields of Information Technology and Finance and Accounting. Kforce identifies companies in need of staffing services, solicits their business, and provides targeted services to such clients by identifying, recruiting, vetting, and placing select highly-qualified professionals ("candidates") to staff open positions.

8.      Many of Kforce's clients have nationwide operations and call on Kforce to staff positions across the country.

2

9.      To provide staffing services to its clients, Kforce employs individuals to work as Talent Representatives as well as individuals to work in the Client Relationship area.      Talent Representatives locate and screen job seekers in order to present qualified job candidates to Kforce's clients.   Individuals employed as Client Relationship Directors or Associates are the points of contact for Kforce clients regarding their staffing needs.

10.      Kforce has invested considerable time and expense in developing and maintaining a database of job candidates who are qualified to work in the Information Technology and Finance and Accounting industries across the country.   Talent Representatives rely on this database to identify qualified candidates for clients.

11.      The identities of Kforce's candidates are kept secret except with Kforce's clients. If an individual or entity had access to Kforce's job candidate database, it could present those candidates to Kforce's clients, obtain the referral fee, thus robbing Kforce of a significant competitive advantage.

12.      If Kforce refers a candidate that is ultimately hired by a client, Kforce receives a referral fee.  If, however, a candidate is presented to a customer by a competitor before Kforce presents the candidate, the referral fee is paid to the competitor.

13.      Kforce has also invested considerable time and expense developing and maintaining relationships with its clients and seeking to expand those relationships to generate additional business. Kforce employs its Client Relationship Associates to develop and maintain its customer contacts, goodwill, and relationships.

14.      Kforce maintains a significant amount of information regarding its clients to enable its Client Relationship Associates to provide a superior level of service.   In addition,

3

Kforce invests substantial time, money, and effort compiling confidential and proprietary information about its client contacts and organizational structures so these employees can familiarize themselves with the client's needs and learn of client job openings as soon as possible. The information is maintained in Kforce's system, which requires a log-on and password, and only certain Kforce employees have access to this confidential client information.

15. Much of Kforce's success is attributable to the client contacts, goodwill, and relationships developed by Kforce through its Client Relationship Associates, and to the repeat business of Kforce's clients, many of whom ask Kforce to refer job candidates on a regular basis.

**B.**   **Kforce Employed Gary Hahn as a Client Relationship Associate**

16. Defendant Hahn was employed by Kforce from September 17, 2012 to April 11, 2014 as a Client Relationship Associate in Plaintiff's St. Louis, Missouri office.

17. As a Client Relationship Associate, Hahn was responsible for the cultivation, administration, and maintenance of Kforce's relationships with its clients and for facilitating all activities associated with matching candidates to client job openings. Hahn primarily worked with Kforce clients Charter Communications, Enterprise Rent-a-Car, and Magellan Health Services.

18. As a Client Relationship Associate, Hahn had extensive and repeated contacts with Kforce's clients, developed and maintained important relationships with Kforce's clients on behalf of Kforce and, at Kforce's expense, was given access to Kforce's confidential and proprietary information.

4

**C.**      **Hahn's Access to Kforce's Confidential Information.**

19.     Kforce possesses nearly 50 years of experience in producing matches between qualified candidates and clients and it offers its staffing and career management expertise from more than 1,500 recruiting specialists in over 40 markets across the United States.

20.     Through the expenditure of its time and resources, Kforce has developed large quantities of confidential and proprietary information that it uses daily in the function of its business.  This information includes such things as confidential communications among management personnel, valuable compilations and information regarding clients and prospective clients (including client contact information, client preferences and needs, and client rates), compilations of employment candidates and prospective employment candidates, Kforce's financial and budgetary information, and information related to marketing strategy.

21.     An extremely valuable segment of Kforce's confidential information is the information Kforce has developed over the years regarding the identity of Kforce's clients and candidates, the purchase activity of Kforce's clients, pricing information, compensation information, key contact information and personnel, and other proprietary, customer-specific information regarding Kforce's clients and candidates ("Confidential Information").

22.     Kforce has devoted substantial time, financial and other resources and engaged in extensive sales and marketing efforts developing its business and client and candidate base.

23.     Kforce has engaged in efforts that are reasonable under the circumstances to maintain the confidentiality and secrecy of its Confidential Information.

24.     Among other things, Kforce requires employees to sign an Employment, Non Disclosure and Non Solicitation Agreement, pursuant to which they agree to maintain the confidentiality of Kforce's Confidential Information.

25.     Kforce's Confidential Information is also password protected and only available to certain authorized users.

26.     As a Client Relationship Associate, Hahn had access to and used Kforce's Confidential Information.

**D.     Hahn's Agreement with Kforce.**

27.     On or about September 17, 2012, for and in consideration of Hahn's commencement of employment with Kforce, Hahn executed an Employment, Non-Disclosure, and Non-Solicitation Agreement (hereinafter, the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit A.

28.     The Agreement contains non-disclosure provisions pertaining to Kforce's trade secrets and Confidential Information, which provides:

> **6. Confidential Information.** The EMPLOYEE recognizes and acknowledges that the FIRM has, through the expenditure of substantial time, effort and money, developed, compiled and/or acquired certain confidential information and trade secrets which are of great value to the FIRM in its operations. The EMPLOYEE further acknowledges and understands that in the course of performing his/her duties for the FIRM, he/she will receive and/or have access to the trade secrets and other confidential information of the FIRM.
>
> The EMPLOYEE agrees that he/she will not make any use of, take, download, publish or disclose, or authorize anyone to use, take, publish or disclose, any of the FIRM's trade secrets or other confidential information, for any reason, except to the extent authorized and required in the course of performing his/her duties on behalf of the FIRM. Upon request of the FIRM, the EMPLOYEE will promptly return or destroy all expressions of trade secrets and confidential information in his/her possession and control. EMPLOYEE shall cooperate with the FIRM's efforts to verify such return or destruction.
>
> As used herein, the term "trade secrets and other confidential information" shall include, without limitation: (a) client or prospective client lists and client or

6

prospective client contact information (including but not limited to business cards, contact persons, and hiring managers); (b) client job openings and job orders and client pricing information; (c) actual or prospective applicant, employment candidate, employee or consultant lists; (d) actual or prospective applicant, employment candidate, employee or consultant qualifications, contact information, and resumes; (e) actual or prospective applicant, employment candidate, employee or consultant compensation and benefits; and (f) other client, applicant, employment candidate, employee or consultant data or information.

(*See* Exhibit A).

29.     In the Agreement, Hahn also agreed to three separate Non-Solicitation Covenants:

(1) non-solicitation of Kforce's clients; (2) non-solicitation of Kforce's candidates; and (3) non-

solicitation of Kforce's employees.

30.     The non-solicitation covenant relating to clients (the "Client Non-Solicit

Covenant") provides:

a) Covenants relating to clients:  the EMPLOYEE agrees that upon termination of his/her employment for any reason, the EMPLOYEE will not, for a period of twelve (12) months from the date of termination, directly or indirectly solicit or accept business that is competitive with the FIRM from any client with whom the EMPLOYEE had contact while employed by the FIRM, nor will the EMPLOYEE for such period directly or indirectly attempt to divert or assist others to divert any such client's business from the FIRM to a competitor.

(*See* Exhibit A).

31.     The non-solicitation covenant relating to candidates (the "Candidate Non-Solicit

Covenant") provides:

b) Covenants relating to staffing candidates, applicants, temporary employees and consultants:   the EMPLOYEE further agrees that upon termination of his/her employment for any reason, the EMPLOYEE will not, for a period of twelve (12) months from the date of termination, directly or indirectly solicit, recruit, hire or place on assignment any staffing candidate, applicant, temporary employee, or consultant with whom the EMPLOYEE had contact while employed by the FIRM, nor will EMPLOYEE directly or indirectly attempt to divert or assist others to divert such candidates, applicants, temporary employees and consultants from the FIRM."

(*See* Exhibit A).

32.     The non-solicitation covenant relating to Kforce's employees (the "Employee Non-Solicit Covenant") provides:

> c) <u>Covenants relating to core employees</u>:   The EMPLOYEE further agrees that upon termination of his/her employment for any reason the EMPLOYEE will not, for a period of twelve (12) months from the date of termination directly or indirectly solicit any of the FIRM's core (internal) employees for employment with any other person, company, firm, or business, nor will EMPLOYEE directly or indirectly attempt to divert or assist others to divert such employees form the FIRM."

(*See* Exhibit A).

### E.     <u>Hahn Resigned His Employment at Kforce to Work for a Competitor</u>

33.     Hahn voluntarily resigned his employment with Kforce effective April 11, 2014.

34.     Following his resignation, Hahn immediately began working for Beacon Hill in St. Louis, Missouri.

35.     Prior to his resignation, Hahn misappropriated Confidential Information for use at Beacon Hill.  For example, on March 13, 2014, Hahn sent an email from his Kforce email account to his home email address (garyshahn@gmail.com) attaching a PowerPoint presentation that detailed the organizational structure of Charter Communications – one of Hahn's primary accounts at Kforce.  On April 9, 2014, Hahn sent another email from his Kforce email account to his home email address that included potential job order information for Wells Fargo.   In addition, on April 11, 2014, Hahn's last day of employment with Kforce, Hahn sent an email from his Kforce email account to his home email address attaching target lists for Charter and Magellan Health Services, one of Hahn's other primary accounts at Kforce.  Hahn sent a second email from his Kforce email account to his home email address on April 11, 2014 attaching organizational charts for several of Kforce's clients.  Copies of these emails are attached as Exhibits B, C and D.

8

36.     Before his resignation from Kforce, Hahn solicited and/or attempted to solicit Kforce's customers. For example, on April 8, 2014, Hahn sent an email to a Kforce client contact, from his Kforce email account, inviting the client to play golf and informing the client that he was leaving Kforce. On April 10, 2014, Hahn sent emails to two Kforce client contacts, from his Kforce email account, informing them that he would forward his new contact information from his new employer. Copies of these emails are attached as Exhibits E and F.

37.     Since his resignation from Kforce, Hahn has solicited and/or attempted to solicit Kforce clients on behalf of Beacon Hill, in violation of his Agreement. For example, while having lunch at The Corner Pub and Grill in St. Louis on August 22, 2014, Kforce employee Derek Moore spoke with Hahn, who was also having lunch there that day. While Moore and Hahn were speaking, a gentleman came into the restaurant to join Hahn. Hahn introduced the man as Lamar Gordon, who works as a hiring manager at Charter. Moore informed Bonita Daughaday, Managing Director for Kforce Technology in St. Louis, that he saw Hahn having lunch with Gordon that day. It was at that point that Kforce began examining Hahn's Kforce email account for potential violations of the Agreement. *See* Declaration of Derek Moore, attached hereto as Exhibit G.

38.     Kforce first discovered Hahn emailed Confidential Information to his home email address during his last days of employment on September 10, 2014. Subsequently, on September 24, 2014, counsel for Kforce mailed a letter to Beacon Hill advising it of Hahn's post-employment obligations pursuant to the Agreement, and requesting written assurances that Beacon Hill would not abet or assist Hahn in violating his Agreement. A copy of this letter is attached as Exhibit H. Although counsel for Kforce requested such assurances by October 2, 2014, Beacon Hill failed to provide them.

39.     On September 29, 2014, counsel for Kforce sent a letter to Hahn (via email and FedEx) reminding him of his post-employment obligations pursuant to the Agreement and requesting, by October 3, 2014, that he return to Kforce its Confidential Information and also seeking written assurances that he would cease improper conduct in violation of the Agreement, would not engage in such improper conduct in the future, and that he would honor his post-employment obligations.  A copy of this letter is attached as Exhibit I.  Hahn failed to respond to these requests.

40.     In fact, Hahn continued to solicit and/or attempt to solicit Kforce's clients after receiving the letter from Kforce's counsel.  For example, on October 14, 2014, a contact at Charter mistakenly sent an email to Hahn at his former Kforce email address, instead of his Beacon Hill email address, regarding a job placement and attaching a Statement of Work.  A copy of this email is attached as Exhibit J.

41.     Upon information and belief, Hahn continues to solicit and/or attempt to solicit other Kforce clients for whom he was a Client Relationship Associate during his employment with Kforce.

42.     Because Hahn had close working relationships with Kforce's clients, and was the primary point of contact for many hiring managers at Kforce's clients, Hahn has a significant opportunity to influence those clients to do business with Kforce's competitor Beacon Hill.

43.     Because Hahn has extensive knowledge of Kforce's Confidential Information and contact with its clients, Hahn has an unfair advantage to assist Beacon Hill in competing with Kforce.

44.     By soliciting and/or attempting to solicit the same clients with whom Hahn had contact while employed by Kforce, Hahn has breached and continues to breach the Agreement.

10

45.     By using and/or disclosing Confidential Information, Hahn has breached and continues to breach the Agreement.

46.     Upon information and belief, the aforementioned acts of Hahn were taken in furtherance of Beacon Hill's business and on behalf of Beacon Hill, in his capacity as an agent of Beacon Hill.

## COUNT I
## BREACH OF CONTRACT
### (Against Defendant Hahn)

47.     Kforce realleges and incorporates as if fully restated herein paragraphs 1 through 46 of its Complaint.

48.     Hahn agreed to abide by the terms of the Agreement, including the provisions pertaining to Kforce's Confidential Information contained therein.

49.     The Agreement, including the provisions pertaining to Kforce's Confidential Information, constitutes a valid, enforceable contract supported by adequate consideration.

50.     Kforce has fulfilled all its obligations under the Agreement and all other conditions precedent to the operation of the Agreement has occurred or taken place.

51.     Hahn has breached the Agreement, and in particular the provisions pertaining to Kforce's Confidential Information, by:

  a.  Knowingly taking, retaining and/or using Kforce's Confidential Information before and after his resignation either without authorization or in a manner that exceeded any authorization given to him by Kforce; and

  b.  Failing to immediately return to Kforce its Confidential Information.

52.     As a result of the conduct of Defendant Hahn described herein, Kforce is and shall continue to be subject to damages including loss of trade secrets and other confidential

information, lost profits, current and future business, and diversion and interference with existing and prospective business relationships.

53.     The conduct of Defendant Hahn has violated and continues to violate the legitimate protectable interests of Kforce, including but not limited to, its right to protect its trade secrets and Confidential Information.  As a result of Defendant Hahn's actions, Kforce is and shall continue to be adversely and irreparably affected.  Unless the injunction prayed for herein is granted, Kforce will be further irreparably injured and damaged.

54.     No legal remedy can adequately protect Kforce from Defendant Hahn's continuing violation of the Agreement in that, should Defendant Hahn's violations of the Agreement be allowed to continue, monetary damages will be unascertainable.  If Defendant Hahn is permitted to continue to violate the Agreement, Kforce's competitive advantage and profitability will be irreparably and irrevocably injured.

55.     Kforce will suffer irreparable harm if Defendant Hahn is permitted to continue to use, maintain possession of, and/or disclose Kforce's Confidential Information in violation of the Agreement.

56.     Kforce will suffer irreparable damage unless this Court, in the exercise of its equitable jurisdiction, grants to Kforce the injunctive relief prayed for herein for the following reasons:

> a.     Kforce's damages would be impossible to quantify if Defendant Hahn's conduct were to continue without being enjoined;
>
> b.     By granting such relief, a multiplicity of suits Kforce would otherwise have to initiate against Defendants will be avoided; and
>
> c.     Kforce has no adequate remedy at law and equitable relief should be granted.

57.   The harm which Kforce may suffer if Defendant Hahn is not restrained as requested herein far outweighs the harm Defendant Hahn would suffer from the entry of injunctive relief.

58.   Through the factual allegations contained herein, Kforce has established a likelihood of success on the merits, that there exists no adequate remedy at law, and a balancing of the equities favors the entry of an injunction against Defendant Hahn.

WHEREFORE, Plaintiff Kforce prays as follows:

A.   For entry of an Order that Defendant Hahn, and all other persons who are in active concert or participation with him who receive actual notice of the Court's Order, be temporarily, preliminarily and permanently enjoined from directly or indirectly,

(a)   soliciting or attempting to solicit, diverting or attempting to divert, servicing or attempting to service the account or business of any of the Kforce clients with whom Defendant Hahn had contact during his employment with Kforce;

(b)   soliciting or attempting to solicit any staffing candidate, applicant, temporary employee or consultant of Kforce with whom Defendant Hahn had contact during his employment with Kforce;

(c)   hiring away or attempting to hire away or otherwise engaging any employee of Kforce;

(d)   interfering or attempting to interfere in any way with Kforce's contractual or business relationships with any of its clients; and

(e)   divulging, or causing to be divulged, communicating or causing to be communicated, publishing or causing to be published, or otherwise disclosing or causing to be disclosed to any person, firm, corporation, association, or entity, any Confidential Information.

B.   For entry of an Order that Defendant Hahn, and all other persons who are in active concert or participation with him who receive actual notice of the Court's Order, be ordered to immediately return to Kforce any and all records and documents in whatever form (whether original, copied, computerized, or handwritten) that were in any way obtained by

13

Defendant Hahn during the period of his employment with Kforce, including but not limited to any records or documents containing Kforce's Confidential Information;

C.     For entry of an Order that Defendant Hahn, and those acting in concert with him who receive actual notice of the Court's Order, be ordered to take reasonable steps to ensure that all potentially relevant information, including any Confidential Information belonging to Kforce, that is stored in electronic form on a computer-based system is preserved, and not erased, deleted, or otherwise destroyed;

D.     For entry of an award to Kforce of compensatory damages for its loss of profits, lost goodwill, loss of competitive advantage, and loss of property and equipment suffered prior to its receiving injunctive relief in an amount to be shown by discovery;

E.     For entry of an award to Kforce of monetary damages, pre- and post-judgment interest where appropriate, damages, attorneys' fees, costs, and expenses; and

F.     For such other and further relief as the Court deems just, and proper, including but not limited to an equitable accounting for all profits earned by Defendants in consequence of their conduct as alleged in the Complaint.

**COUNT II**
**BREACH OF CONTRACT**
(Against Defendant Hahn)

59.     Kforce realleges and incorporates as if fully restated herein paragraphs 1 through 58 of its Complaint.

60.     Hahn agreed to abide by the terms of the Agreement, including the Client Non-Solicit Covenant.

61.     The Agreement, including the Client Non-Solicit Covenant, constitutes a valid, enforceable contract supported by adequate consideration.

14

62.     The Client Non-Solicit Covenant is reasonable and no greater than fairly required to protect and preserve Kforce's legitimate protectable interests, more specifically its goodwill among clients and its client relationships and contacts.

63.     Kforce has fulfilled all its obligations under the Agreement and all other conditions precedent to the operation of the Agreement has occurred or taken place.

64.     The conduct of Defendant Hahn described herein violates the Agreement.

65.     The conduct of Defendant Hahn described herein has caused and/or threatened to cause Kforce's clients to cease doing business with Kforce and/or has reduced the volume of business they are doing with Kforce and/or has caused and/or threatened to cause a loss of goodwill, thereby damaging Kforce.

66.     As a direct and proximate result of Defendant Hahn's breach, Kforce has suffered and will continue to suffer damages, including but not limited to, lost profits and a loss of goodwill.  The continued loss of business as a result of Defendant Hahn's violation of the Agreement could lead to a substantial decrease in the volume of business.

67.     The conduct of Defendant Hahn has violated and continues to violate the legitimate protectable interests of Kforce, including but not limited to, its right to protect its customer contacts and goodwill.  As a result of Defendant Hahn's actions, Kforce is and shall continue to be adversely and irreparably affected.  Unless the injunction prayed for herein is granted, Kforce will be further irreparably injured and damaged.

68.     No legal remedy can adequately protect Kforce from Defendant Hahn's continuing violation of the Agreement in that, should Defendant Hahn's violations of the Agreement be allowed to continue, monetary damages will be unascertainable.  If Defendant

Hahn is permitted to continue to violate the Agreement, Kforce's competitive advantage and profitability will be irreparably and irrevocably injured.

69.      Kforce will suffer irreparable harm if Defendant Hahn is permitted to continue to unfairly compete against Kforce by soliciting Kforce's clients in violation of the Agreement on behalf of Beacon Hill or any other Kforce competitor.

70.      Kforce will suffer irreparable damage unless this Court, in the exercise of its equitable jurisdiction, grants to Kforce the injunctive relief prayed for herein for the following reasons:

      a.   Kforce's damages would be impossible to quantify if Defendant Han's conduct were to continue without being enjoined;

      b.   By granting such relief, a multiplicity of suits Kforce would otherwise have to initiate against Defendants will be avoided; and

      c.   Kforce has no adequate remedy at law and equitable relief should be granted.

71.      The harm which Kforce may suffer if Defendant Hahn is not restrained as requested herein far outweighs the harm Defendant Hahn would suffer from the entry of injunctive relief.

72.      Through the factual allegations contained herein, Kforce has established a likelihood of success on the merits, that there exists no adequate remedy at law, and a balancing of the equities favors the entry of an injunction against Defendant Hahn.

WHEREFORE, Plaintiff Kforce prays as follows:

A.      For entry of an Order that Defendant Hahn, and all other persons who are in active concert or participation with him who receive actual notice of the Court's Order, be temporarily, preliminarily and permanently enjoined from directly or indirectly,

16

(a)     soliciting or attempting to solicit, diverting or attempting to divert, servicing or attempting to service the account or business of any of the Kforce clients with whom Defendant Hahn had contact during his employment with Kforce;

(b)     soliciting or attempting to solicit any staffing candidate, applicant, temporary employee or consultant of Kforce with whom Defendant Hahn had contact during his employment with Kforce;

(c)     hiring away or attempting to hire away or otherwise engaging any employee of Kforce;

(d)     interfering or attempting to interfere in any way with Kforce's contractual or business relationships with any of its clients; and

(e)     divulging, or causing to be divulged, communicating or causing to be communicated, publishing or causing to be published, or otherwise disclosing or causing to be disclosed to any person, firm, corporation, association, or entity, any Confidential Information.

B.     For entry of an Order that Defendant Hahn, and all other persons who are in active concert or participation with him who receive actual notice of the Court's Order, be ordered to immediately return to Kforce any and all records and documents in whatever form (whether original, copied, computerized, or handwritten) that were in any way obtained by Defendant Hahn during the period of his employment with Kforce, including but not limited to any records or documents containing Kforce's Confidential Information;

C.     For entry of an Order that Defendant Hahn, and those acting in concert with him who receive actual notice of the Court's Order, be ordered to take reasonable steps to ensure that all potentially relevant information, including any Confidential Information belonging to Kforce, that is stored in electronic form on a computer-based system is preserved, and not erased, deleted, or otherwise destroyed;

D.     For entry of an award to Kforce of compensatory damages for its loss of profits, lost goodwill, loss of competitive advantage, and loss of property and equipment suffered prior to its receiving injunctive relief in an amount to be shown by discovery;

E.      For entry of an award to Kforce of monetary damages, pre- and post-judgment interest where appropriate, damages, attorneys' fees, costs, and expenses; and

F.      For such other and further relief as the Court deems just, and proper, including but not limited to an equitable accounting for all profits earned by Defendants in consequence of their conduct as alleged in the Complaint.

**COUNT III**
**TORTIOUS INTERFERENCE WITH CONTRACTUAL**
**AND/OR BUSINESS RELATIONSHIPS**
(Against All Defendants)

73.     Kforce realleges and incorporates as if fully restated herein paragraphs 1 through 72 of its Complaint.

74.     Kforce has contractual and/or valid business relationships and expectancies with its clients.

75.     Defendants knew of Kforce's contractual and/or valid business relationships and expectancies with its clients.

76.     Defendants have solicited Kforce's clients in an effort to divert business away from Kforce and move it to Beacon Hill, or to otherwise interfere with Kforce's legitimate contractual and/or business relationships and expectancies with its clients.

77.     By the conduct alleged above, Defendants intentionally interfered with Kforce's contractual and/or business relationships and expectancies with its clients in a manner that has threatened to interfere with said contractual and/or business relationships and expectancies.

78.     Defendants' conduct described herein was without justification or excuse, and through improper means.

79.     As a result of Defendants' tortious interference with Kforce's contractual and/or business relationships and expectancies with its customers, Kforce has, is, and shall continue to

sustain damage in the future including, but not limited to, lost profits, lost goodwill and lost competitive advantage.

80.     As a result of Defendants' tortious interference with Kforce's contractual and/or business relationships and expectancies with its customers, Kforce has, is and shall continue to also be subject to immediate irreparable harm and damages including, but not limited to, the loss of current and future business, and diversion and interference with existing and prospective business relationships, unless this Court, in the exercise of its equitable jurisdiction, grants to Kforce the relief prayed for herein.

81.     Unless enjoined, Defendants will persist, to Kforce's continuing harm, in the above-described unlawful behavior, for the redress of which Kforce has no adequate remedy at law.

82.     The harm which Kforce may suffer if Defendants are not restrained as requested herein far outweighs the harm Defendants would suffer from the entry of injunctive relief.

83.     Through the factual allegations contained herein, Kforce has established a likelihood of success on the merits, that there exists no adequate remedy at law, and a balancing of the equities favors the entry of an injunction against Defendants.

84.     By reasons of the acts alleged herein against Defendants, Kforce has been injured and damaged in an amount to be determined at trial, and because its remedy at law is inadequate, Kforce seeks injunctive relief to protect its trade secret information, contractual relationships, and other legitimate business interests.

85.     Defendants' conduct was willful, wanton, or outrageous, evidencing an evil and reckless indifference on the part of Defendants, making punitive damages appropriate.

WHEREFORE, Plaintiff Kforce prays as follows:

A.     For entry of an Order that Defendants, and all other persons who are in active concert or participation with them who receive actual notice of the Court's Order, be temporarily, preliminarily and permanently enjoined from directly or indirectly,

      (a)   soliciting or attempting to solicit, diverting or attempting to divert, servicing or attempting to service the account or business of any of the Kforce clients with whom Defendant Hahn had contact during his employment with Kforce;

      (b)   soliciting or attempting to solicit any staffing candidate, applicant, temporary employee or consultant of Kforce with whom Defendant Hahn had contact during his employment with Kforce;

      (c)   hiring away or attempting to hire away or otherwise engaging any employee of Kforce;

      (d)   interfering or attempting to interfere in any way with Kforce's contractual or business relationships with any of its clients; and

      (e)   divulging, or causing to be divulged, communicating or causing to be communicated, publishing or causing to be published, or otherwise disclosing or causing to be disclosed to any person, firm, corporation, association, or entity, any Confidential Information.

B.     For entry of an Order that Defendant Hahn, and all other persons who are in active concert or participation with him who receive actual notice of the Court's Order, be ordered to immediately return to Kforce any and all records and documents in whatever form (whether original, copied, computerized, or handwritten) that were in any way obtained by Defendant Hahn during the period of his employment with Kforce, including but not limited to any records or documents containing Kforce's Confidential Information;

C.     For entry of an Order that Defendant Hahn, and those acting in concert with him who receive actual notice of the Court's Order, be ordered to take reasonable steps to ensure that all potentially relevant information, including any Confidential Information belonging to Kforce, that is stored in electronic form on a computer-based system is preserved, and not erased, deleted, or otherwise destroyed;

20

D.      For entry of an award to Kforce of compensatory damages for its loss of profits, lost goodwill, loss of competitive advantage, and loss of property and equipment suffered prior to its receiving injunctive relief in an amount to be shown by discovery;

E.      For entry of an award to Kforce of monetary damages, pre- and post-judgment interest where appropriate, damages, attorneys' fees, costs, and expenses; and

F.      For such other and further relief as the Court deems just, and proper, including but not limited to an equitable accounting for all profits earned by Defendants in consequence of their conduct as alleged in the Complaint.

**COUNT IV**
**BREACH OF FIDUCIARY DUTY AND/OR DUTY OF LOYALTY**
(Against Defendant Hahn)

86.      Kforce realleges and incorporates as if fully restated herein paragraphs 1 through 85 of its Complaint.

87.      While employed by Kforce as a Client Relationship Associate, Defendant Hahn was placed in a position of trust and confidence with Kforce.

88.      Hahn's position of trust and confidence with Kforce gave rise to a fiduciary duty to refrain from competing with Kforce will still employed, not to usurp opportunities of Kforce, not to solicit Kforce's clients, and not to misappropriate Kforce's trade secrets for his own benefit or the benefit of any party other than Kforce.

89.      Hahn's position of trust and confidence also gave rise to a common law duty of loyalty to refrain from competing with Kforce while still employed, not to usurp opportunities of Kforce, not to solicit Kforce's clients, and not to misappropriate Kforce's trade secrets for his own benefit or the benefit of any party other than Kforce.

90.    During his employment with Kforce, Hahn breached his fiduciary duty and his duty of loyalty to Kforce by:

      a.    Stealing Kforce's Confidential Information and trade secrets to compete with Kforce; and

      b.    Soliciting or attempting to solicit Kforce's clients.

91.    Hahn has wrongfully obtained, retained, shared and used, and continues to share and use the information he stole from Kforce in order to solicit Kforce's clients and to otherwise unfairly compete with Kforce.

92.    As a result of Hahn's  actions and conduct in breaching his fiduciary duty and duty of loyalty, Kforce has, is, and shall continue to sustain damage in the future including, but not limited to, lost profits, lost goodwill and lost competitive advantage.

93.    As a result of Hahn's actions and conduct in breaching his fiduciary duty and duty of loyalty, Kforce has, is and shall continue to also be subject to immediate irreparable harm and damages including, but not limited to, the loss of current and future business, and diversion and interference with existing and prospective business relationships, unless this Court, in the exercise of its equitable jurisdiction, grants to Kforce the relief prayed for herein.

94.    Unless enjoined, Hahn will persist, to Kforce's continuing harm, in the above-described unlawful behavior, for the redress of which Kforce has no adequate remedy at law.

95.    The harm which Kforce may suffer if Hahn is not restrained as requested herein far outweighs the harm Hahn would suffer from the entry of injunctive relief.

96.    Through the factual allegations contained herein, Kforce has established a likelihood of success on the merits, that there exists no adequate remedy at law, and a balancing of the equities favors the entry of an injunction against Hahn.

97.    By reasons of the acts alleged herein Hahn, Kforce has been injured and damaged in an amount to be determined at trial, and because its remedy at law is inadequate, Kforce seeks injunctive relief to protect its trade secret information, contractual relationships, and other legitimate business interests.

98.    Hahn's conduct was willful, wanton, or outrageous, evidencing an evil and reckless indifference on the part of Hahn, making punitive damages appropriate.

WHEREFORE, Plaintiff Kforce prays as follows:

A.    For entry of an Order that Defendant Hahn, and all other persons who are in active concert or participation with him who receive actual notice of the Court's Order, be temporarily, preliminarily and permanently enjoined from directly or indirectly,

(a)    soliciting or attempting to solicit, diverting or attempting to divert, servicing or attempting to service the account or business of any of the Kforce clients with whom Defendant Hahn had contact during his employment with Kforce;

(b)    soliciting or attempting to solicit any staffing candidate, applicant, temporary employee or consultant of Kforce with whom Defendant Hahn had contact during his employment with Kforce;

(c)    hiring away or attempting to hire away or otherwise engaging any employee of Kforce;

(d)    interfering or attempting to interfere in any way with Kforce's contractual or business relationships with any of its clients; and

(e)    divulging, or causing to be divulged, communicating or causing to be communicated, publishing or causing to be published, or otherwise disclosing or causing to be disclosed to any person, firm, corporation, association, or entity, any Confidential Information.

B.    For entry of an Order that Defendant Hahn, and all other persons who are in active concert or participation with him who receive actual notice of the Court's Order, be ordered to immediately return to Kforce any and all records and documents in whatever form (whether original, copied, computerized, or handwritten) that were in any way obtained by

23

Defendant Hahn during the period of his employment with Kforce, including but not limited to any records or documents containing Kforce's Confidential Information;

      C.     For entry of an Order that Defendant Hahn, and those acting in concert with him who receive actual notice of the Court's Order, be ordered to take reasonable steps to ensure that all potentially relevant information, including any Confidential Information belonging to Kforce, that is stored in electronic form on a computer-based system is preserved, and not erased, deleted, or otherwise destroyed;

      D.     For entry of an award to Kforce of compensatory damages for its loss of profits, lost goodwill, loss of competitive advantage, and loss of property and equipment suffered prior to its receiving injunctive relief in an amount to be shown by discovery;

      E.     For entry of an award to Kforce of monetary damages, pre- and post-judgment interest where appropriate, damages, attorneys' fees, costs, and expenses; and

      F.     For such other and further relief as the Court deems just, and proper, including but not limited to an equitable accounting for all profits earned by Defendants in consequence of their conduct as alleged in the Complaint.

**COUNT V**
**MISAPPROPRIATION OF TRADE SECRETS**
(Against All Defendants)

      99.    Kforce realleges and incorporates as if fully restated herein paragraphs 1 through 98 of its Complaint.

      100.    During his employment with Kforce, Defendant Hahn had access to or obtained Kforce's Confidential Information.

      101.    Kforce expended substantial time, effort, money and resources in developing and maintaining its Confidential Information.

102.    Much of the economic benefit to Kforce from this information stems from its confidential nature, because if Kforce's Confidential Information were to become known to competitors, Kforce would lose the competitive advantage afforded it by this information.

103.    Kforce takes reasonable efforts to maintain the secrecy of its Confidential Information by, without limitation, password protecting it and requiring employees, including Hahn, to sign an Employment, Non Disclosure and Non Solicitation Agreement.

104.    In the Agreement, Hahn agreed to not use, take, download, publish, or disclose Kforce's trade secrets and Confidential Information and agreed to promptly return such information upon Kforce's request.

105.    Hahn had and continues to have a duty and obligation to not use or disclose Kforce's Confidential Information, which is protected by the common law of the State of Missouri and, by virtue of its composition, content, and nature, constitutes trade secrets pursuant to the Missouri Uniform Trade Secrets Act, § 417.450, *et seq.*

106.    Hahn has wrongfully retained, used, and disclosed Kforce's Confidential Information for his own benefit to the detriment of Kforce.

107.    The conduct of Defendant Hahn described herein were without the knowledge, consent, or authorization of Kforce and constitute misappropriation of the property, business value and goodwill of Kforce in violation of the common law of the state of Missouri and § 417.450, *et seq.*

108.    To allow Hahn to obtain substantial benefit from such protected information of Kforce would unjustly enrich Defendant at Kforce's expense.

109.    The misappropriation of Kforce's trade secrets by Hahn is outrageous because of Hahn's evil motives or reckless indifference to Kforce's rights, and warrants the imposition of

25

punitive damages so as to punish Hahn and to deter him and others from such outrageous conduct in the future.

110.    By reasons of the acts alleged herein against Hahn, Kforce has been injured and damaged in an amount to be determined at trial, and because its remedy at law is inadequate, Kforce seeks injunctive relief to protect its trade secret information, contractual relationships, and other legitimate business interests.

111.    As a result of Defendant Hahn's actions and conduct in misappropriating Kforce's proprietary and confidential trade secret information Kforce has, is, and shall continue to sustain damage in the future including, but not limited to, lost profits, lost goodwill and lost competitive advantage.

112.    As a result of Defendant Hahn's actions and conduct in misappropriating Kforce's proprietary and confidential trade secret information Kforce has, is and shall continue to also be subject to immediate irreparable harm and damages including, but not limited to, the loss of current and future business, and diversion and interference with existing and prospective business relationships, unless this Court, in the exercise of its equitable jurisdiction, grants to Kforce the relief prayed for herein.

113.    Unless enjoined, Defendants will persist, to Kforce's continuing harm, in the above-described unlawful behavior, for the redress of which Kforce has no adequate remedy at law.

114.    The harm which Kforce may suffer if Defendants are not restrained as requested herein far outweighs the harm Defendants would suffer from the entry of injunctive relief.

115.    Through the factual allegations contained herein, Kforce has established a likelihood of success on the merits, that there exists no adequate remedy at law, and a balancing of the equities favors the entry of an injunction against Defendants.

116.    By reasons of the acts alleged herein against Defendants, Kforce has been injured and damaged in an amount to be determined at trial, and because its remedy at law is inadequate, Kforce seeks injunctive relief to protect its trade secret information, contractual relationships, and other legitimate business interests.

WHEREFORE, Plaintiff Kforce prays as follows:

A.    For entry of an Order that Defendants, and all other persons who are in active concert or participation with them who receive actual notice of the Court's Order, be temporarily, preliminarily and permanently enjoined from directly or indirectly,

(a)    soliciting or attempting to solicit, diverting or attempting to divert, servicing or attempting to service the account or business of any of the Kforce clients with whom Defendant Hahn had contact during his employment with Kforce;

(b)    soliciting or attempting to solicit any staffing candidate, applicant, temporary employee or consultant of Kforce with whom Defendant Hahn had contact during his employment with Kforce;

(c)    hiring away or attempting to hire away or otherwise engaging any employee of Kforce;

(d)    interfering or attempting to interfere in any way with Kforce's contractual or business relationships with any of its clients; and

(e)    divulging, or causing to be divulged, communicating or causing to be communicated, publishing or causing to be published, or otherwise disclosing or causing to be disclosed to any person, firm, corporation, association, or entity, any Confidential Information.

B.    For entry of an Order that Defendant Hahn, and all other persons who are in active concert or participation with him who receive actual notice of the Court's Order, be ordered to immediately return to Kforce any and all records and documents in whatever form

27

(whether original, copied, computerized, or handwritten) that were in any way obtained by Defendant Hahn during the period of his employment with Kforce, including but not limited to any records or documents containing Kforce's Confidential Information;

C.      For entry of an Order that Defendant Hahn, and those acting in concert with him who receive actual notice of the Court's Order, be ordered to take reasonable steps to ensure that all potentially relevant information, including any Confidential Information belonging to Kforce, that is stored in electronic form on a computer-based system is preserved, and not erased, deleted, or otherwise destroyed;

D.      For entry of an award to Kforce of compensatory damages for its loss of profits, lost goodwill, loss of competitive advantage, and loss of property and equipment suffered prior to its receiving injunctive relief in an amount to be shown by discovery;

E.      For entry of an award to Kforce of monetary damages, pre- and post-judgment interest where appropriate, damages, attorneys' fees, costs, and expenses; and

F.      For such other and further relief as the Court deems just, and proper, including but not limited to an equitable accounting for all profits earned by Defendants in consequence of their conduct as alleged in the Complaint.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*/s/ Erin E. Williams*
Erin E. Williams, #60935MO
Meredith A. Lopez, #64996MO
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Phone: (314) 802-3935
Facsimile: (314) 802-3936
Erin.Williams@ogletreedeakins.com
Meredith.Lopez@ogletreedeakins.com

ATTORNEYS FOR PLAINTIFF

## VERIFICATION

STATE OF _Missouri_   §
                                              §
COUNTY OF _St. Louis_   §

Before me, the undersigned authority, on this day personally appeared Bonita Daughaday, who, upon her oath, did state that she is Managing Director of Kforce Inc.; that she has personal knowledge of the facts described in paragraphs 7-36 and 38-46 of this pleading; and those facts are true and correct to the best of her knowledge, information and belief.

_Bonita Daughaday_
Bonita Daughaday

Subscribed and sworn to before me this _5th_ day of November, 2014.

_Portia D. Bryant_
Notary Public in and for the State of _Missouri_

PORTIA D. BRYANT
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: June 09, 2015
Commission Number: 11388013

My commission expires:

_June 9, 2015_

19342321.3

30